■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITAN TURNER, Appellant. [26 NYS3d 281]—

Judgment, Supreme Court, New York County (Lawrence K. Marks, J., at suppression hearing; Charles Solomon, J., at jury trial and sentencing), rendered December 18, 2013, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of seven years, unanimously affirmed.

Defendant's statement to the undercover buyer, "I can't go back to jail," injected an uncharged crime that was not necessary to complete the narrative or explain defendant's precautions to avoid arrest, and the remark should have been redacted. However, the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]), given the overwhelming evidence of defendant's guilt, which included the recovery of buy money from defendant. Accordingly, this evidence was not unduly prejudicial.

Defendant's other evidentiary claim is unpreserved and we decline to review it in the interest of justice. "The word 'objection' alone [is] insufficient to preserve [an] issue" for review as a question of law (*People v Tevaha*, 84 NY2d 879, 881 [1994]). As an alternative holding, we find that defendant opened the door to the evidence that he characterizes as "bolstering," and that any error was likewise harmless in any event.

The hearing court properly denied defendant's motion to suppress the undercover officer's identification of defendant. Although defendant asserts that the identification was made under particularly suggestive circumstances, we conclude that, given that this was not a civilian-witness showup, but a confirmatory identification made by a trained undercover officer as part of a planned procedure promptly after a drug transaction (*see People v Wharton*, 74 NY2d 921, 922-923 [1989]), the identification could not have been the product of undue suggestiveness. We have considered and rejected defendant's remaining arguments on this issue.

The evidence at the *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]; *People v Echevarria*, 21 NY3d 1, 12-14 [2013]). The record sufficiently demonstrates that the court fulfilled its obligation under *Waller* to consider alternatives to closing the courtroom, and it can be implied that the court determined that no lesser alternative would suffice (*see Echevarria*, 21 NY3d at 14-19). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.